<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRENCE CORBETT,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISTOPHER ORELLANA,<br>ELIZABETH SINISI,<br><br>  Defendants. | Civil Action No. 24-10023 (SDW) (MAH)<br><br>**WHEREAS OPINION**<br><br>July 28, 2025 |

**THIS MATTER** having come before this Court upon Defendants Christopher Orellana and Elizabeth Sinisi's ("Defendants") Motion to Dismiss ("Motion"), (D.E. 8), Plaintiff Terrence Corbett's ("Plaintiff") Complaint, (D.E. 1); and

**WHEREAS** on November 16, 2021, the North Bergen Police Department ("NBPD") received a report of a local robbery and dispatched to the scene. (D.E. 8-2 at 4–5.) At the scene, law enforcement spoke with the victim, who stated that an "[a]proximately 6 foot tall heavy set [,] dark skinned male wearing a black jacket, gray hooded[] sweatshirt, [and] dark colored knit cap" had approached him from behind, displayed a black handgun, and asked the victim to turn over his wallet and phone. (*Id.*) North Bergen Police Detective Christopher Orellana assumed the investigation, and using the help of closed-circuit television ("CCTV") cameras and surveillance cameras on local private residences, identified the suspect's address. (D.E. 8-2 at 8–9.) Then, Detective Orellana used a law enforcement database to assess whether the individuals residing at that particular address matched the victim's description of the perpetrator. (D.E. 8-2 at 10); and

1

**WHEREAS** on November 19, 2021, the NBPD arrested Plaintiff and charged him with robbery, unlawful possession of a weapon, and using an imitation firearm with unlawful purpose. (D.E. 8-2 at 15.)  Plaintiff was then transferred to the Hudson County Jail.  (*Id.*)  That same day, Officer Elizabeth Sinisi conducted a photo array with the victim.  (D.E. 8-2 at 13.)  Officer Sinisi marched through the NBPD photo array questionnaire, ensuring the victim understood it.  (*Id.*)  Once presented with the photo array, the victim selected Plaintiff's photograph.  (*Id.*); and

**WHEREAS** on July 25, 2023, Plaintiff pleaded guilty to second-degree robbery subject to the No Early Release Act ("NERA"), N.J. Stat. Ann. § 2C:43-7.2.  (D.E. 8-2 at 20, 26.)   On January 17, 2025, Plaintiff was sentenced to four years' imprisonment.  (D.E. 8-2 at 28); and

**WHEREAS** Plaintiff filed the instant action on October 23, 2024 asserting due process violations under Section 1983 resultant from the NBPD's handling of the investigation and photo array. (D.E. 1 at 2, 5–6.) On February 4, 2025, Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (D.E. 8.)  Defendants' Motion is unopposed;[1] and

**WHEREAS** in screening a complaint, a court may *sua sponte* raise a defect with the statute of limitations where it is apparent on the face of the complaint.  *Rogers v. Perez*, No. 25-1215, 2025 WL 847848, at *1 (D.N.J. Mar. 18, 2025) (citing *Johnstone v. United States*, 980 F. Supp. 148, 154 (E.D. Pa. 1997)).  The personal-injury law of the state where the alleged harm occurred determines the amount of time a claimant has to file their § 1983 suit, with New Jersey giving § 1983 claimants two years.  *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022).  Under federal law, "a § 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of her injury."

---

[1] This Court declines to consider Plaintiff's letter submitted on May 30, 2025—over three months past the deadline for his opposition.  *See* L. Civ. R. 7.1(e) ("The Court may reject any brief or other paper not filed within the time specified.").

*Id.* Here, Plaintiff's claims accrued "at the time of [his] criminal prosecution," in 2021. Thus, Plaintiff's Complaint must be dismissed as time barred. *See Coello*, 43 F.4th at 352 (dismissing the plaintiff's § 1983 claims as time-barred given that her criminal prosecution occurred two years before she brought her federal case);

**WHEREAS** notwithstanding, assuming Plaintiff's Complaint had been timely filed, this Court is required to screen his complaint and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. Dec. 13, 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); and

**WHEREAS** in deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 231 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); and

**WHEREAS** Plaintiff challenges his conviction by attacking the underlying actions taken by Defendants in connection with their investigation of the November 16, 2021 robbery.  Plaintiff takes issue with the use of a photo array and claims Defendants' statement that the robbery victim identified Plaintiff as the perpetrator constituted lies made under oath. (D.E. 1 at 5–6.)  Plaintiff contends that Defendant Sinisi misquoted the victim, who, according to Plaintiff, never stated that photograph number five identified Plaintiff as the perpetrator. (*Id.*)  Plaintiff maintains that, contrary to N.J. Attorney General Guidelines, Defendant Orellana "coerced the victim" to make the positive identification. (*Id.*)  Lastly, Plaintiff additionally alleges that Defendant Orellana lied in his affidavit of probable cause (*id.*); and

**WHEREAS** "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  However, when a state prisoner seeks damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  If a judgement in the plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

**WHEREAS** Plaintiff is currently serving the sentence resulting from his guilty plea and his Complaint does not contain any indication as to whether his "conviction or sentence has already been invalidated." *See id.*  Given the nature of the relief sought by Plaintiff, his failure to make

such a showing in his Complaint requires that this Court dismiss this case. *See Heck*, 512 U.S. at 486–87; therefore

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as it is time-barred by the statute of limitations. An appropriate order follows.

                                                  /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
                Michael A. Hammer, U.S.M.J.